IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

MICHAEL LEE DAVIS, )
TDCJ #933173, )
    Plaintiff, )
)
v. ) Civil No. 7:08-CV-007-O
)
BRAD LIVINGSTON, *et al.*, )
    Defendants. )

MEMORANDUM OPINION AND ORDER

This is an action filed pursuant to 42 U.S.C. § 1983 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. In support of his complaint, Plaintiff alleges the following:

1. he was denied a timely and fair parole review;

2. the interviewing parole officer failed to follow Parole Board rules;

3. parole officials have failed to respond to his request for special parole review;

4. he was denied due process in his parole hearing;

5. his parole file contains materially false and misleading information placed into the file by certain Defendants for sole purpose of harming him;

6. he has been denied equal protection of the law with regard to all claims set forth in his complaint;

7. certain Defendants have engaged in tortuous interference with his plea agreement contracts;

8. breach of his plea agreement by the state, and;

9. he has been subjected to harassment, threats, libel and slander which have exposed him to public hatred and contempt.

*Complaint ¶¶ IV & V and attachment thereto.*  Plaintiff seeks monetary damages and injunctive relief.  *Id. at ¶ VI and attachment thereto.*

Plaintiff's complaint regarding his parole hearing and/or eligibility does not state a constitutional claim.  There is a crucial difference between the initial grant of parole and the revocation of parole.  *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  The revocation of parole involves the deprivation of a liberty interest which one has attained, whereas, the initial grant of parole is a conditional liberty which a prisoner desires.  *Id.* at 9.  If a state's parole system does not create an expectancy of early release, there is no constitutionally protected right to release on parole.  *Id.* at 10-11.

With the exception of mandatory supervised release, the Texas parole system does not create an expectancy of release.  *E.g. Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Williams v. Briscoe*, 641 F.2d 274, 276-77 (5th Cir. 1981).  "'Parole' means the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6)) (West 2010) (formerly Tex. Code Crim. Proc. art. 42.18, § 2(1) (Vernon 1995)). Plaintiff's complaint involves his eligibility for parole.  He makes no claim that he was denied mandatory supervised release.  *See Complaint ¶ V*.  Plaintiff has no liberty interest in release on parole.  Because there is no constitutionally protected liberty interest at stake, constitutional due process considerations do not attach to any proceeding involving the Parole Board's consideration of Plaintiff's eligibility for release.  *See Gilbertson*, 993 F.2d at 75; *see also Brown v. Lundgren*, 528 F.2d 1050, 1053 (5th Cir. 1976) (finding federal parole system did not create a constitutional liberty

interest at that time - later superseded by statute as stated in *Evans v. Dillahunty*, 662 F.2d 522 (8th Cir. 1981)).

Plaintiff complains that the parole interview officer, Susan Fowler, violated Parole Board rules by giving him a five-year and four month parole denial when the rules allowed a maximum five-year denial. He further claims that Defendants have failed to respond to his request for a special parole review.

Where a violation of state law results in a constitutional violation, a plaintiff may have a cause of action under the Civil Rights Act. *Doe v. Taylor Independent School Dist.*, 15 F.3d 443, 464 (5th Cir. 1994) (citing *Miller v. Carson*, 563 F.2d 757, 760 n.7 (5th Cir.1977) and *Sims v. Adams*, 537 F.2d 829, 831-32 (5th Cir. 1976)). However, if no constitutional deprivation is established, there can be no liability under § 1983. Allegations of violations of state law or agency rules, without more, are insufficient to maintain a constitutional claim. *See e.g., Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (noting that violations of state law do not become constitutional violations just because the defendant is a state official); *Diamond v. Thompson*, 364 F.Supp. 659, 662 (M.D. Ala. 1973) (stating that federal courts "will intervene in the administration of the prison system only where it is necessary to preserve constitutional rights."); *Taylor v. Sterrett, 600 F.2d 1135 (5th Cir. 1979)* (requiring district court that had intervened on basis of state law violation to discontinue exercise of its jurisdiction and dismiss the cause). Assuming the truth of Plaintiff's allegations, his claims of Parole Board rule violations do not rise to the level of constitutional violations.

Plaintiff alleges that he was denied due process during his parole proceeding and that false information and protest letters were unlawfully included in his Parole Board file and wrongfully

considered when denying him release on parole. Because an inmate in Texas has no constitutional right to release on parole, Plaintiff cannot prevail in a challenge to his parole review on procedural or substantive due process grounds. *Johnson v. Rodriguez*, 110 F.3d 299, 308-09 (5th Cir.1997). Even where the Parole Board considers false or unreliable information in making a parole decision, no issue of constitutional magnitude arises. *Id.* at 309 n.13; *see Palmer v. Wyeth*, 163 F.3d 1354 (5th Cir. 1998) (unpublished) (lawsuit alleging that Parole Board member placed false information into plaintiff's parole file dismissed because there is no liberty interest in release on parole); *Luken v. Scott*, 71 F.3d 192 (5th Cir.1995) (prisoner's complaint of false information in his file, causing him to be confined to administrative segregation and reducing his good-time earning rate, dismissed because no constitutionally protected liberty interest was implicated). Similarly, Plaintiff's claim that protest letters were included in his file and considered in denying him parole does not state a constitutional claim. *Johnson v. Rodriguez,* 110 F.3d at 306-08.

Plaintiff next alleges that he was denied equal protection of the law with regard to all claims set forth in his complaint because he was treated differently from others similarly situated. In general, the Equal Protection Clause of the Fourteenth Amendment requires that all persons similarly situated be treated alike. *Stefanoff v. Hay Co., Tex.*, 154 F.3d 523, 525-26 (5th Cir. 1998). To establish an equal protection claim, a plaintiff must show: (1) that the defendant created two or more classifications of similarly situated plaintiffs that were treated differently; and, (2) that the classification had no rational relation to any legitimate government objective. *Id.* at 526.

Strict scrutiny is required of government action which implicates a fundamental right or discriminates against a suspect class based on differences such as gender, race, religion or national origin. *Sonnier v. Quarterman*, 476 F.3d 349, 368 (5th Cir. 2007) (citing *Plyer v. Doe*, 457 U.S. 202, 215-16 (1982)); *see Burlington N. R.R. Co. v. Ford*, 504 U.S. 648, 651 (1992) (classifications based on race or religion are suspect classifications); *Mississippi University for Women v. Hogan*, 458 U.S. 718, 723-25 (1982) (classification based on gender calls for heightened standard of review); *Loving v. Virginia*, 338 U.S. 1, 10-12 (1967) (classification based on race is a suspect classification); *Oyama v. California*, 332 U.S. 633, 643-47 (1948) (classification based on national origin is a suspect classification). However, where the plaintiff is not a member of a protected class, an equal protection claim is evaluated under the rational basis test. *Reid v. Rolling Fork Pub. Util. Dist.*, 854 F.2d 751, 753 (5th Cir.1988) ("Since this case does not concern a suspect or quasi-suspect classification such as race or sex to which heightened scrutiny is given, the equal protection clause requires only a minimum degree of rationality.") Where the alleged unlawful government action does not appear to classify or distinguish between two or more relevant persons or groups, or implicate a fundamental right, then the government's action, even if irrational, does not violate the Equal Protection Clause. *Vera v. Tue*, 73 F.3d 604, 610 (5th Cir.1996) (citing *Brennan v. Stewart*, 934 F.2d 1248, 1257 (5th Cir.1988)); *Stefanoff*, 154 F .3d at 525.

     In the case at bar, Plaintiff makes no claim that he is a member of a suspect class. Furthermore, the Defendants' alleged actions do not appear to classify or distinguish between two or more relevant persons or groups and Plaintiff has failed to identify any fundamental right which has been implicated. There is no right to parole release in Texas. Plaintiff's conclusory allegations of equal protection violations are insufficient to maintain this claim. *See Fernandez-Montes v.*

*Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983).

To the extent that Plaintiff seeks redress on a state law claim of tortuous interference with a contract, this Court is without jurisdiction to entertain his complaint.  When a complaint presents no federal question, 28 U.S.C. § 1332 requires complete diversity of citizenship and $75,000 in controversy to invoke the jurisdiction of a federal court.  From the face of Plaintiff's complaint, it is apparent that he and the Defendants are all citizens of Texas.  *Complaint ¶ IV*.  Moreover, Plaintiff does not make a claim for damages in excess of $75,000.  *Complaint ¶ VI and attachment thereto*.  Because there is no diversity of citizenship and because the amount in controversy appears insufficient, Plaintiff's complaint, construed as a diversity action, is subject to dismissal for lack of jurisdiction.[1]

Plaintiff next argues that state officials are in breach of contract for violating the provisions set forth in his plea agreement.  Where a civil rights plaintiff's claims are premised on the alleged breach of a plea agreement, such claims would necessarily imply the invalidity of his conviction or sentence and are thus barred under the ruling of *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Bonner v. Castloo*, 193 Fed.Appx. 325, 325, 2006 WL 2233224, 1 (5th Cir. 2006).  Under *Heck v. Humphrey*, when a successful civil rights action would necessarily imply the invalidity of a

---

[1] "[S]ubject-matter jurisdiction is not waivable, and the federal courts are under a continuing duty to inquire into the basis of jurisdiction in the district court." *Warren v. U.S.*, 874 F.2d 280, 281-82 (5th Cir. 1989) (citing *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987)).  "[T]he District Court is vested with authority to inquire at any time whether the [ ] conditions [to the exercise of its jurisdiction] have been met." *Broussard v. U.S.*, 989 F.2d 171, 176 (5th Cir. 1993) (quoting *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. at 486-87. Plaintiff in the instant case has made no such showing. Therefore, his breach-of-plea-agreement claim is not cognizable at this time.

Next, Plaintiff claims that he has been subjected to libel and slander which have exposed him to public hatred and contempt. Plaintiff cannot prevail on this claim. Allegations of an injury solely to a plaintiff's reputation are insufficient to establish § 1983 liability. *E.g., Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990); *Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988); *Savage v. Snow*, 575 F. Supp. 828, 837 (S.D.N.Y. 1983). To establish a federal claim under § 1983, more must be involved than simple defamation, even if the defamatory remarks are uttered by a state actor. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Geter*, 849 F.2d at 1556; *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980). Even a malicious slander or defamation alone does not constitute the deprivation of a liberty interest. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (noting that the Supreme Court's decision in *Paul v. Davis* turned not on the state of mind of the defendant but on the lack of a constitutionally protected in interest in a reputation).

Finally, Plaintiff alleges that he has been subjected to harassment and threats by Defendants. Allegations of threats and harassment do not state colorable civil rights claims. Threats, harassment and verbal abuse are not actionable under § 1983. *See e.g., Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (noting that verbal abuse is insufficient to serve as the legal basis of a civil rights action.); *United States v. Bigham*, 812 F.2d 943, 949 (5th Cir. 1987) (holding that technical batteries,

angry words or passing thumps do not rise to the level of constitutional abuses); *Boettner v. Raimer,* 2004 WL 2853054, *1 (5th Cir. 2004) (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983)) ("[T]hreats made against inmates by prison officials do not amount to constitutional violations.").

Davis was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which would indicate that his constitutional rights have been violated. *See Plaintiff's Answers to the Court's Questions.*

A district court may dismiss a complaint filed by a prisoner proceeding *in forma pauperis* if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar have no arguable basis in law.

For the foregoing reasons, it is ORDERED that Plaintiff's civil rights claims relating to the alleged breach of his plea agreement are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as

frivolous and with prejudice to their being asserted again unless Plaintiff can demonstrate that the conditions set forth in *Heck v. Humphrey* have been satisfied.[2]

It is further ORDERED that Plaintiff's remaining civil rights claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

It is further ORDERED that Plaintiff's state law claims of tortuous interference with a contract are dismissed without prejudice pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction.

It is further ORDERED that, to the extent that Plaintiff's complaint presents issues cognizable in a habeas proceeding, such claims are dismissed without prejudice.

The Clerk of Court shall transmit a copy of this order to Plaintiff.

SO ORDERED this 24th day of June, 2010.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] Where a § 1983 plaintiff's claims attack the fact or duration of his confinement and such claims are dismissed under *Heck v. Humphrey*, the dismissal should be "with prejudice." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).